JUDGE DANIELS                              14 CV     8972

Alan Van Praag
Edward W. Floyd
EATON & VAN WINKLE LLP
3 Park Avenue
New York, New York 10016-2078
(212) 779-9910
avanpraag@evw.com
efloyd@evw.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ALBUS DENIZCILIK LTD STI,

                     Plaintiff,

     -against-

PROGRESS BULK CARRIERS LTD
(a/k/a PROGRESS BULK CARRIERS),

                     Defendant.
-----------------------------------------------------------------x



Case No.:
ECF Case

**VERIFIED COMPLAINT IN ADMIRALTY**

     Plaintiff, Albus Denizcilik LTD STI ("Plaintiff" or "Albus"), by its attorneys, Eaton & Van Winkle LLP, for its Verified Complaint against defendant, Progress Bulk Carriers LTD ("Defendant" or "PBC"), states, on information and belief, as follows:

     1.     This is a case of admiralty and maritime jurisdiction, 28 U.S.C. § 1333, and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Rule B of the Supplemental Rules for Admiralty or Maritime Claims.

### THE PARTIES

     2.     Plaintiff is a business entity organized under the laws of Turkey.

     3.     On information and belief, Defendant is a business entity organized under the

1

laws of The Bahamas.

## FACTS

4.  On or about September 3, 2010, Plaintiff and Defendant entered into a maritime contract, specifically a time charter party (the "Charter Party"), with respect to the M/V ALBUS (the "Vessel"). Pursuant to the Charter Party, Plaintiff chartered the Vessel to Defendant for a period of about four to six months upon terms which were more fully set forth in the Charter Party.

5.  However, differences arose between Plaintiff and Defendant regarding the Charter Party. In particular, Plaintiff claimed that it was owed outstanding hire (i.e., the payment due for the time chartering of a vessel) and that it was entitled to damages because Defendant redelivered the Vessel outside the geographical range permitted by the Charter Party and without the requisite quantity of bunkers (i.e., maritime fuel).

6.  The parties submitted their differences for resolution by binding arbitration which was then conducted in London before three arbitrators.

7.  Following submissions made by both parties, the arbitrators proceeded to render a Final Award, dated January 31, 2014 (the "Award"). (A copy of the Award, together with the Reasons therefore, is annexed hereto as Exhibit 1.)

8.  The Award was in favor of Plaintiff, and against Defendant, and provided, in pertinent part, that:

    a. **WE FIND AND HOLD** that the [Plaintiff's] claims succeed to the extent of US$604,040.60 and no more.

    b. **WE AWARD AND DIRECT** that the [Defendant] shall forthwith pay to the [Plaintiff] the amounts of US$556,539.10 and US$47,501.50 together with interest thereon at 4.5% per annum and *pro rata* compounded at three-monthly rests from the following dates until the date of payment:

    i. on US$556,539.10 from 13th May 2011, and

    ii. on US$47,501.50 from 15th July 2011.

  c. **WE AWARD AND DIRECT** that the [Defendant] shall bear their own costs of the reference and shall pay the costs of the [Plaintiff] on the standard basis, such recoverable costs of the [Plaintiff], if not agreed, to be assessed, in the [Plaintiff's] option either by the English High Court of Justice or by us in an award of costs, for which we hereby reserve our jurisdiction as may be necessary.

  d. **WE AWARD AND DIRECT** that the [Defendant] shall bear and pay the costs of this award which we hereby determine in the sums of £19,750.00 and US$14,094.00 provided that, if the [Plaintiff] shall have paid any part of the said costs, they shall be entitled to the immediate reimbursement by the [Defendant] of the amounts so paid together with interest thereon at 4% per annum and *pro rata* compounded at three-monthly rests from the date of such payment until the date of reimbursement.

9.  To date, the Defendant has not paid the Plaintiff any portion of the amounts due pursuant to the Award. As such, the total amount of, at least, **$752,546.25**, plus interest which continues to accrue, is due and owing to Plaintiff on account of: (i) the principal amount of the Award (i.e., $556,539.10 plus $47,501.50 yielding $604,040.60) together with interest thereon, through November 12, 2014, which equals approximately **$706,045** (for principal plus interest); (ii) the costs of the award in the amount of £19,750.00 together with interest thereon, through November 12, 2014, which equals approximately £20,214 (or **$32,076**) (for costs GBP plus interest); and (iii) the costs of the award in the amount of $14,094.00 together with interest thereon, through November 12, 2014, which equals approximately **$14,425.21** (for costs USD plus interest).

**FIRST CLAIM**

10.  Plaintiff repeats and realleges paragraphs 1 through 9 as if fully set forth herein.

3

11.   Defendant breached its maritime contract with Plaintiff and caused Plaintiff to suffer damages in excess of **$752,546.25** together with interest thereon which continues to accrue. Plaintiff estimates that over the next six months, or through May 13, 2015, additional interest will accrue pursuant to the Award in the total amount of approximately $17,000.

## RULE B ATTACHMENT

12.   Plaintiff reserves the right to seek confirmation, recognition and enforcement of the Award, including by way of a motion made within this action.

13.   This action is brought to obtain jurisdiction over Defendant in this District and to obtain security in favor of Plaintiff for its claims against Defendant for payment of an amount equal to at least **$769,546.25** representing the currently due amount of $752,546.25 plus approximately $17,000 in further interest as it accrues between now and May 2015. Plaintiff also reserves the right to supplement and/or amend this Complaint in any appropriate manner including to conform its interest calculations to actual accrual of the same.

14.   Upon information and belief, and after investigation, Defendant cannot be found within this District for the purposes of Rule B of the Supplemental Rules for Admiralty or Maritime Claims (*see* the accompanying Declaration of Edward W. Floyd).

15.   However, Plaintiff is informed that Defendant has, or will shortly have, property subject to attachment within this District.

16.   Specifically, there is a currently pending action in this District captioned as *Progress Bulk Carriers v. American Steamship Owners Mutual Protection and Indemnity Association Inc.* (the "American Club"), Civ. No. 12-264 (ALC)(FM) (the "Insurance Action"). The Defendant in this case is the plaintiff in the Insurance Action. In connection with the Insurance Action, PBC seeks indemnification from the American Club in an unspecified amount.

17.     Plaintiff therefore seeks to attach and/or garnish PBC's interest in the claims set forth in, and any judgment resulting from, the Insurance Action. Notably, the American Club is located within this District as are the attorneys respectively acting for PBC and the American Club in the Insurance Action.

WHEREFORE, Plaintiff prays as follows;

a.      That process in due form of law according to the practice of this Court may issue against Defendant;

b.      That the Court, in accordance with the provisions of Rule B of the Supplemental Rules for Admiralty or Maritime Claims, direct the issuance of Process of Maritime Attachment and Garnishment attaching all assets within the District owned by Defendant or in which Defendant has a beneficial or otherwise attachable interest up to the amount of $769,546.25;

c.      That judgment be entered against Defendant and in favor of Plaintiff in the amount of, at least, $769,546.25, plus interest, costs, and attorneys' fees; and

   d. That the Court grant such other, further and different relief as may be just, proper and equitable in the premises.

Dated: New York, New York
   November 12, 2014

              EATON & VAN WINKLE LLP

         By: */s/ Edward W. Floyd*
              Edward W. Floyd
              Alan Van Praag

              3 Park Avenue
              New York, New York 10016-2078
              (212) 779-9910

              *Attorneys for Plaintiffs*

## VERIFICATION

Edward W. Floyd, pursuant to the provisions of 28 U.S.C. § 1746, declares and states as follows:

1. I am an attorney admitted to practice before this Court and am a partner with the firm of Eaton & Van Winkle LLP, attorneys for Plaintiff, and I make this verification on behalf of Plaintiff.

2. I have read the foregoing complaint and know the contents thereof and the same are true to the best of my knowledge, information and belief. The sources of my information and the grounds for my belief are communications received from the Plaintiff and an examination of the papers relating to the matters in suit.

3. The reason this verification is made by the undersigned, and not made by Plaintiff, is that Plaintiff is a foreign corporation or other business entity, no officer or director of which is presently within this District.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
       November 12, 2013

*/s/ Edward W. Floyd*
Edward W. Floyd